UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY J. F., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW H. SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No.: 20CV0162-KSC <br><br> **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Since this case was filed without prepayment of the filing fee, it is subject to 28 U.S.C. § 1915(e)(2), which obligates the Court to dismiss the case if the Court determines that the action is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Plaintiff's Complaint seeks to have her Extra Help benefit reinstated by the Social Security Administration. (Doc. No. 1, p. 4.) The Complaint does not allege a basis for subject matter jurisdiction, although this pleading deficiency is easily curable. (*Id*., p. 3.)

In *Weinberger v. Salfi*, 422 U.S. 749, 760-61, 95 S. Ct. 2457, 45 L. Ed. 2d 522 (1975), the Supreme Court construed 42 U.S.C. § 405(h) as encompassing any claim in which the claimants were seeking to recover social security benefits, no matter how denominated. Thus, 42 U.S.C. § 405(g) is the exclusive means for judicial review of

decisions of the Commissioner of Social Security. *Salfi*, 422 U.S. at 757. 42 U.S.C. § 405(g) limits district court jurisdiction in a case challenging the denial of social security benefits to reviewing the final decision of the Commissioner. A plaintiff must commence any civil action contesting the Commissioner's final decision within sixty days from mailing of notice of the final decision or "such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g).

Here, it is unclear from the face of the Complaint whether plaintiff has presented her claim to the Commissioner and, if so, if she has exhausted her administrative remedies by completing the administrative review process.[1] Likewise, it is unclear whether this civil action was timely initiated by plaintiff.

For all the foregoing reasons, the Complaint is dismissed with leave to amend. If plaintiff still desires to pursue this action, she is ORDERED to file a First Amended Complaint which corrects the pleading deficiencies cited above, on or before **February 21, 2020**. Plaintiff is expressly admonished that, if she does not timely file such an amended complaint, this case may be dismissed for failure to state a claim and/or failure to prosecute.

IT IS SO ORDERED.

Dated: January 31, 2020

Hon. Karen S. Crawford
United States Magistrate Judge

---

[1] Although the exhaustion requirement is waivable by either the Commissioner or the courts, *see Matthews v. Eldridge*, 424 U.S. 319, 330, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1975); *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993), plaintiff does not allege in the Complaint that the Commissioner waived the exhaustion of administrative remedies requirement. Moreover, this is not an appropriate case for the Court to waive the exhaustion of administrative remedies requirement because the claim plaintiff raises in this case is not: (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility). *Johnson v. Shalala*, 2 F.3d at 921, citing *Bowen v. City of New York*, 476 U.S. 467, 483-84, 106 S. Ct. 2022, 90 L. Ed. 2d 462; *Briggs v. Sullivan*, 886 F.2d 1132, 1139 (9th Cir. 1989).